GLICKSTEIN, Judge.
In this appeal by the former wife from the final judgment of dissolution, she contends the award to her to be inadequate. While she raises a number of points, the only one which we consider to bear addressing is with respect to the award to her of $24,000 in consideration of her having provided the former husband with $8,000, from a source outside of the marriage, with which he acquired fifty (50%) percent of the capital stock of a millwork business, the other fifty (50%) percent being owned by appellant’s brother-in-law. The record is void as to the reason, if any, for the stock having been placed in the husband’s name alone. From and after the original investment in 1965, the business flourished to the extent that it was grossing almost one-half million dollars per year. Further, because of their success, the two stockholders were able to purchase the land underlying the location of the business. This, too, was titled in the stockholders’ name only; and its value was such that the stockholders rejected a $200,000 offer of settlement in pending condemnation proceedings. We are unable to determine the trial court’s basis for achieving equitable distribution vis a vis the award of $24,000 in that there is no explanation in the judgment for the amount of the award; or recitation whether consideration was given to the value of the land acquired directly from and related to the success and operation of the business.
The broad discretion to which Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), refers does not eliminate a close, surgical analysis of the parties’ accumulated assets, which analysis must include concern for the substantial relationship between each asset and its basic root or origin.[1] In the present case, to determine the award to the wife for her having provided the root investment for the capital stock of the business from a source outside of the marriage required consideration of (1) the value of the business; (2) the relationship between the real property in the husband’s name and the wife as the origin of the original investment; and (3) the value of that real property, it being uncontradicted that the funds for the acquisition of the property were derived from the operation of the corporate business. We therefore reverse and remand to afford the trial court the opportunity to do so and to make such findings and *981 award as equitable distribution as those findings suggest.
DOWNEY and LETTS, JJ., concur.

. The attorneys in a dissolution action have the obligation to provide the trial court an analysis of the parties’ assets with the same precision and clarity they would utilize in commercial litigation. This requires precise evidence as to value and origin of each relevant asset in issue.